| | |
|---|---|
| Case No.    SACV 17-0623 R (SS) | Date: June 15, 2017 |
| | Page 1 of 4 |

Title:    Sukhwinder Singh Pelia v. John F. Kelly, et al.

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS MOOT**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On April 6, 2017, Petitioner, a federal detainee represented by counsel, filed a habeas petition pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). Petitioner alleged that his continued detention by the United States Immigration and Customs Enforcement Agency ("ICE") violated his rights under Zadvydas v. Davis, 533 U.S. 678 (2001), because he had been in detention for over eight months after his final removal order had issued and the Government could not prove that there was a significant likelihood of his removal to India in the reasonably foreseeable future. (Petition at 3-4). However, on June 14, 2017, Respondents filed a Notice that Petitioner Has Been Removed from the United States and Suggestion of Mootness. ("Notice," Dkt. No. 8). The Notice included evidence that Petitioner had been removed to New Delhi on June 8, 2017. (Id., Exh. 1, at 4).

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party." The Article III case or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.	SACV 17-0623 R (SS)	Date: June 15, 2017
	Page 2 of 4

Title:	Sukhwinder Singh Pelia v. John F. Kelly, et al.

controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (internal quotation marks omitted). Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)). Thus, a habeas petition is moot where the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (internal quotation marks and ellipses omitted). "Mootness is jurisdictional." Id. at 999.

An alien's removal from the United States does not necessarily moot a pending habeas petition. "[W]here an alien habeas petitioner is deported after he files his petition, the fact of his deportation does not render the habeas petition moot where there are collateral consequences arising from the deportation that create concrete legal disadvantages." Zegarra-Gomez v. I.N.S., 314 F.3d 1124, 1125 (9th Cir. 2003) (emphasis in original); see also Handa v. Clark, 401 F.3d 1129, 1132 (9th Cir. 2005) (same). However, for there to be a continuing case or controversy that survives removal, the collateral consequences of removal must be capable of being redressed by success on the petition as presented to the court. Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (citing Spencer, 523 U.S. at 7). "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Abdala, 488 F.3d at 1064.

The Ninth Circuit has specifically held that where an alien's habeas petition challenges only indefinite detention, the alien's removal from the United States fully resolves the pending claim and there is no longer any relief the court may provide. (Id. at 1064-65). The Court explained:

> Abdala's deportation does not give rise to collateral consequences that are redressable by success on his original petition. That petition, filed September

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    SACV 17-0623 R (SS)                    Date: June 15, 2017
                                                   Page 3 of 4

Title:      Sukhwinder Singh Pelia v. John F. Kelly, et al.

> 11, 2000, challenged only the length of his detention at the INS facility. Abdala was subsequently deported six weeks later, thereby curing his complaints about the length of his INS detention. Abdala asserts no collateral consequences of deportation that his original petition could have redressed. As of the date of his deportation, there was no extant controversy for the district court to act upon and Abdala's petition was moot.

Id. at 1065; see also Hose v. I.N.S., 180 F.3d 992, 995 (9th Cir. 1999) (en banc) (alien's request for stay of deportation mooted by the petitioner's removal from the United States); Picrin-Peron v. Rison, 930 F.2d 773, 775-76 (9th Cir. 1991) (alien's release on immigration parole in the United States rendered habeas petition moot where the only relief requested was release from custody).

The mootness doctrine is subject to an exception where the wrongful conduct alleged is "capable of repetition yet evading review." Spencer, 523 U.S. at 17. "[A]n action is capable of repetition yet evading review when '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" Carty v. Nelson, 426 F.3d 1064, 1072 (9th Cir. 2005) (quoting Hubbart v. Knapp, 379 F.3d 773, 777 (9th Cir. 2004) (brackets in original)).

Here, Petitioner challenged only the Government's ability to detain him for more than six months after his final removal order issued. Accordingly, in light of Petitioner's removal, it does not appear that there is any relief the Court can provide. Additionally, although ICE could, theoretically, detain Petitioner at some indefinite point in the future if he were ever to re-enter the United States, whether and when Petitioner will actually ever attempt to return to this country is entirely speculative. Further, even if Petitioner did re-enter the United States and was detained again by ICE, the Court cannot determine at this time whether any future detention would violate Petitioner's constitutional rights, as that determination would require an individualized, fact-specific inquiry into the circumstances of that particular detention. Accordingly, the "capable of repetition yet evading review" exception does not appear to apply.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     SACV 17-0623 R (SS)                    Date: June 15, 2017
                                                    Page 4 of 4

Title:       Sukhwinder Singh Pelia v. John F. Kelly, et al.

     Accordingly, Petitioner is **ORDERED TO SHOW CAUSE,** within **seven (7) days** of the date of this Order, why this action should not be dismissed without prejudice as moot. Petitioner may satisfy this Order by filing a response setting forth any reason the instant Petition is not barred as moot.

     **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

     **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

     The Clerk of the Court is directed to serve a copy of this Order upon counsel for Petitioner and counsel for Respondents.

     IT IS SO ORDERED.